UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JULIAN CHAMPION** | **CIVIL ACTION NO. 5:16-CV-01218** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **SHERIFFS DEPT. OF BIENVILLE PARISH, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT & RECOMMENDATION

Pro se plaintiff Julian Champion, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 25, 2016. Plaintiff claims that he was subjected to excessive force arising out of an arrest on May 6, 2015. He named the Bienville Parish Sheriffs Department, the David Wade Man Search Task Force, Michael Crawford, John Ballance, Glen Fallin and Unknown Officers as Defendants in his original complaint. On November 10, 2016, plaintiff was directed to amend his complaint to address, among other issues, the sustainability of his claims against certain named defendants; specifically, that the doctrine of *respondeat superior* does not extend to Sheriff John Ballance, that Judge Glenn Fallin has absolute immunity for acts done within the scope of his jurisdiction and that the David Wade Man Search Team and the Bienville Parish Sheriff's Department, are not juridical persons capable of being sued. [Rec. Doc. 8] Moreover, he was ordered to allege specific facts regarding his claim of excessive force. *Id.* On December 12, 2016, plaintiff filed an amended complaint providing additional details regarding

his claims of excessive force. [Rec. Doc. 9] He also named as additional defendants Rusty Poland[1], arresting officer, and the Sheriffs Department of Bienville Parish, Lt. Investigators. *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

### *1. Screening*

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), (ii) and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim.)

---

[1]Plaintiff named Lt. Rusty Poland as a defendant stating, "I do happen to recall the arresting officer being Rusty Poland, Lt. Investigators of Bienville Parish Sheriffs Department." [Rec. Doc. 9, p.3] Accordingly, the "Unknown Officers" listed as defendants are to be replaced by Rusty Poland.

### 2. Bienville Parish Sheriff's Department

A Louisiana parish sheriff's office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). Accordingly, the Sheriffs Department of Bienville Parish and the Sheriffs Department of Bienville Parish, Lt. Investigators should be dismissed.

### 3. David Wade Man Search Task Force

The "[c]apacity to sue or be sued is determined ... by the law of the state where the court is located." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, non-human "juridical persons" can sue and be sued. *See* La. Civ.Code Ann. art. 24 (2008). The Louisiana Supreme Court has adopted the following approach for determining whether a political subdivision is a separate and distinct juridical person:

> The important determination with respect to the juridical status or legal capacity of an entity .... is whether the entity can appropriately be regarded as an additional and separate government unit.... In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Roberts v. Sewerage & Water Bd. of New Orleans*, 92-2048 (La.3/21/94), 634 So.2d 341, 346-47. Jurisprudence sets forth that, with respect to intergovernmental drug task forces, a plaintiff must point to some grant of statutory authority to show that such task forces may be sued. *Thomas-Melton v. Dallas County Sheriff's Dept.*, 39 F.3d 320 (5th Cir.1994); *Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir.1993); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir.1991);

*Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 476-77 (8th Cir.2001) (multi-city, multi-county, unincorporated, intergovernmental, multi-jurisdictional drug task force cannot be sued as it has no separate legal existence and has not been granted statutory authority to sue or be sued); *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir.1995) (an intergovernmental task force made up of various local, county, and state agencies with authority to investigate suspected drug operations could not be sued because there was insufficient evidence to show that those entities intended to create a separate legal entity subject to suit); *Eversole v. Steel*, 59 F.3d 710, 716 n. 6 (7th Cir.1995) (drug task force made up of law enforcement officials from four counties and several municipalities was not an official entity); *Maltby v. Winston*, 36 F.3d 548, 560 n. 14 (7th Cir.1994), cert. denied, 515 U.S. 1141, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995); *Dillon v. Jefferson County Sheriff's Department*, 973 F.Supp. 626 (E.D.Tex.1997) (narcotics task force could not be sued because the intergovernmental agreements did not create a separate legal entity capable of suing or being sued); *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 843 (E.D.Tex.1996) (county sheriff's department and county district attorney's office are not legal entities capable of being sued in absence of an express grant of jural authority).

Here, plaintiff has cited no law that the David Wade Man Search Task Force has the legal capacity to function independently. Thus, the Court concludes that the David Wade Man Search Task Force is not a juridical person that can sue or be sued. and, therefore, claims against this defendant should be dismissed.

### 4. Sheriff John Ballance

Plaintiff has also sued John Ballance, Bienville Parish Sheriff, presumably in his supervisory capacity. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they

affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Plaintiff failed to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by Sheriff Ballance and, as such, he should be dismissed.

### 5. *Judge Glenn Fallin*

Plaintiff's claims against Judge Glenn Fallin appear to arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As Plaintiff's claims arise out of the normal judicial functions performed by Judge Fallin's handling of his case, he enjoys absolute immunity from plaintiff's claims and, as such, Judge Glenn Fallin should be dismissed.

Therefore,

**IT IS RECOMMENDED THAT** claims against the Sheriffs Department of Bienville Parish, Sheriffs Department of Bienville Parish, Lt. Investigators, David Wade Man Search Task Force, John Ballance and Glen Fallin ONLY should be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915.[2]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 16, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] Claims against the remaining defendants are addressed in a separate Order.