# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| JULIAN CHAMPION | * | CIVIL ACTION NO. 16-1218<br>Section P |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| SHERIFF'S DEPARTMENT OF<br>BIENVILLE PARISH, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 17] filed by defendant, Deputy Rusty Poland. For reasons set forth below, it is recommended that the motion be DENIED.

### Background

On August 25, 2016, plaintiff pro se Julian Champion, who is proceeding in forma pauperis in this matter, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against various law enforcement agencies and officers involved with his May 6, 2016, arrest. According to his complaint, as amended, Champion learned on May 6, 2016, that a warrant had been issued for his arrest on a charge of armed robbery. Accordingly, Champion set out that day to meet his grandfather, who was to accompany him to the Sheriffs' Department to "clear his name." Whilst en route to his grandfather's house, however, Champion encountered Bienville Parish Sheriff's deputies and a David Wade Man Search officer, who proceeded to shoot Champion in his right leg, below the knee. Fearing for his life, Champion fled from the officers as they continued to discharge their weapons at him. Champion eventually came across additional officers and raised his hands to surrender, but nonetheless was tased twice.

Once Champion was secured, the officers did not take him to the hospital to treat his gunshot wound; rather, they took him to the Bienville Parish Courthouse where they interrogated him for the next three to four hours. Only after the interrogation was finished did a deputy finally escort Champion to the emergency room.

Plaintiff's complaint includes claims for excessive force, racial profiling, and torture stemming from defendants' refusal to provide him with prompt medical care. He named the following defendants: (1) Michael Crawford; (2) John Ballance, Sheriff of Bienville Parish; (3) Glenn Fallin, 2nd Judicial District Court Judge; (4) David Wade Man Search Task Force; (5) Unknown officers of the David Wade Man Search Task Force; (6) Bienville Parish Sheriff's Department; and (7) Rusty Poland. Plaintiff suffered permanent injury because of loss of sensation to his shin. He seeks dismissal of the pending criminal charges against him, release from custody with permission to leave the state, and monetary damages for the violation of his rights.

On February 16, 2017, the undersigned recommended dismissal of plaintiff's claims against the Sheriff's Department of Bienville Parish, Sheriff's Department of Bienville Parish, Lt. Investigators, David Wade Man Search Task Force, John Ballance and Glen Fallin. (Feb. 16, 2017, R&R [doc. # 10]. The court concomitantly determined that plaintiff's complaint sufficiently pleaded a cause of action against remaining defendants, Michael Crawford and Rusty Poland, and therefore, ordered service on them. (Feb. 16, 2017, Mem. Order [doc. # 11]). On April 24, 2017, the U.S. Marshal filed an executed return of service for Rusty Poland, but service for Michael Crawford was returned un-executed. [doc. #s 13-14].[1]

On June 12, 2017, Poland filed the instant motion to dismiss for failure to state a claim

---

[1] The court will address the unsuccessful service attempt against Michael Crawford via separate order.

upon which relief can be granted. On June 19, 2017, plaintiff filed his opposition memorandum. Movant did not file a reply and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 18]. Thus, the matter is ripe.

## Analysis

### I. Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark, supra*.

3

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## II.     Discussion

In support of his motion, Poland argued that Champion failed to allege any facts pertaining to him, let alone any allegations that Poland was the perpetrator of any excessive force towards Champion. Poland also invoked the defense of qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted). When a defendant invokes qualified immunity, the burden shifts to plaintiff to establish that the defense is inapplicable. *Id*. (citation omitted). Plaintiff's burden is two-pronged. *Id*. First, he must demonstrate that defendants violated a constitutional right under current law. *Id*. "Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id*. (quoted source and internal quotation marks

4

omitted). The courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (*citing Pearson v. Callahan*, 808 U.S. 2009, 129 S.Ct. 808 (2009)).

For purposes of qualified immunity's first prong, the court observes that, "[t]o state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Defendant does not contest that he is a state actor. Furthermore, in his response/amendment, *see* discussion, *infra*, plaintiff explained that it was a David Wade Search and Task Force Team member who shot him. (Pl. Opp. Memo.). However, plaintiff does not know the name of the shooter or the two officers who tased him because the Bienville Parish Sheriff will not provide him with a police report. *Id*. Instead, plaintiff clarified that Rusty Poland was the officer who interrogated him and was more interested in trying to extract a confession from him than ensuring that he received prompt medical care by taking him to the

emergency room. *Id*.[2]

The Fifth Circuit has recognized that a court should construe a pro se response to a dispositive motion as a motion to amend complaint under Federal Rule of Civil Procedure 15(a). *Riley v. Sch. Bd. Union Parish*, 379 F. App'x 335, 341 (5th Cir. 2010) (response to summary judgment motion) (citations omitted). Furthermore, Rule 15(a) provides, in pertinent part, that if the original pleading is one to which a responsive pleading is required, the party may amend its original pleading "*once as a matter of course* within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(B) (emphasis added).

Here, although the court already has ordered plaintiff to amend his complaint, plaintiff's response/amendment represents his first amendment following service and a Rule 12(b) motion by a defendant. Moreover, in deciding whether to grant a party leave to amend, the court considers the following factors: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party,

---

[2] Thus, while Poland's motion focuses upon plaintiff's excessive force claim, plaintiff has since clarified that his claim against Poland centers upon the officer's role in plaintiff's denial of prompt medical care. However, because plaintiff still has not received copies of the incident and/or arrest reports regarding his capture – notwithstanding a court order requiring disclosure, *see* doc. # 11, pg. 4 – and because the denial of medical care claim will remain pending against Poland, *see* discussion *infra*, the court will preserve the excessive force claim against Poland at this time.

In addition, the court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on the defendants. In so doing, the court effectively determined that plaintiff's complaint contained sufficient factual allegations "to draw the reasonable inference that [defendants are] liable for the misconduct alleged." *Iqbal*. Indeed, "[s]pecific facts are not necessary; the [Rule 8] statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). Plaintiff's pleadings provided defendants with fair notice of his claims.

and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted). None of these factors are present here; therefore, the court will construe plaintiff's response as an amended pleading.

The standard to apply in analyzing a denial/delay of medical care claim asserted by a pretrial detainee varies depending upon whether the claim is directed toward a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)). Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Therefore, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials. *Hare*, 74 F.3d at 643 and 650. This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

Rights guaranteed under the Eighth Amendment are violated only if the defendant acts with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendant have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendant must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendant was deliberately indifferent to his serious medical

needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that the state official "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

In this case, plaintiff's allegations suffice to state a constitutional claim against movant for delayed medical treatment. Poland's participation in an hours-long interrogation of plaintiff before taking him to the emergency room for treatment of a gunshot wound demonstrates deliberate indifference to an apparent serious medical need, which ultimately resulted in plaintiff's permanent loss of sensation. In addition, the pain suffered by plaintiff while he awaited medical treatment can constitute a substantial harm and form the basis for an award of damages. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir.2017).

Having determined that plaintiff's complaint, as amended, satisfies the first prong of the qualified immunity analysis, the court turns to the second prong. A law is clearly established when there exists "controlling authority—or a 'robust consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013). However, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Easter v. Powell*, 467 F.3d 459, 465 (5th Cir.2006) (citation omitted). It was clearly established in 2016 that a detainee/inmate could demonstrate a constitutional violation by

showing that a state official "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Easter, supra* (citation omitted).

The court reiterates that, according to Champion, Poland refused to take him to the emergency room for treatment of a gunshot wound for several hours. These allegations support a finding that no reasonable official could have believed such conduct was lawful in light of clearly established law. Accordingly, Poland is not entitled to qualified immunity. *See Easter, supra*.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 17] filed by defendant, Deputy Rusty Poland, be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 12th day of September 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE